**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-1087

CREEK RED NATION, LLC, and HIGHLANDS RANCH YOUTH FOOTBALL
ASSOCIATION, a non-profit corporation

      Plaintiffs,

v.

JEFFCO MIDGET FOOTBALL ASSOCATION, INC.

      Defendant.

---

**COMPLAINT**

---

COME NOW, Plaintiffs, by and through their attorneys, for its Complaint against

Defendant, and state as follows:

**INTRODUCTION**

1. This is an action to obtain preliminary and permanent injunctive relief, together

   with compensatory damages against Jeffco Midget Football Association ("JMFA")

   for its racially discriminatory denial of rights and breach and bad faith

   enforcement of contract against Creek Red Nation ("CRN") and Highlands Ranch

   Youth Football Association ("HRYFA").

2. CRN is a group of six youth football teams primarily made up of minority children.

   JMFA is an overwhelmingly white youth football league, consisting of

   approximately 20 member associations and 235 teams and 4,500 young

1

athletes. Although CRN has never been cited for even a single rules violation, Defendant JMFA expelled CRN from the league, after four years of participation. In order to save the children of CRN from the expulsion, Highlands Ranch Youth Football Association ("HRYFA"), another member association part of JMFA, immediately took in the CRN teams so that the CRN teams could play in JMFA under the HRYFA banner. Defendant then expelled all 24 HRYFA teams, in order to keep out the CRN teams. The racially discriminatory and bad faith actions of Defendant JMFA were accompanied by direct evidence of racial animus, including but not limited to the JMFA President Jeff Glenn telling CRN not to add more black teams and a JMFA coach stating, "This is a damn shame. I know there's not that many niggers in Centennial." As a result of the discriminatory and bad faith expulsions of the CRN and HRYFA teams, CRN and HRYFA are suffering immediate and irreparable harm.

### PARTIES, JURISDICTION, AND VENUE

3. Creek Red Nation is a Limited Liability Company with a principal office street address at 3300 S. Parker Road, 108, Aurora, CO.

4. Highlands Ranch Youth Football Association is a non-profit organization with a principal office street address of 7211 Forest Ridge Circle, Castle Rock, CO 80108.

5. On information and belief, Jeffco Midget Football Association, INC. is non-profit organization with a principal office street address at 390 Union Boulevard, 450, Lakewood, CO 80228.

6.  This action arises under the Constitution of the United States and 42 U.S.C. § § 1981, 1985, and 2000a.

7.  Jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331, 1343, and 2201, and 42 U.S. Code § 2000a(6).

8.  The Court has supplemental jurisdiction over the related state law discrimination and contract claims pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form a part of the same case or controversy under Article II of the United States Constitution.

9.  Venue is proper in the District of Colorado, where each of the plaintiffs and the defendant reside.

## FACTUAL ALLEGATIONS

### I. Background

10. JMFA is a youth football association that consists of approximately 20 member associations.

11. Each member association is made up of multiple teams; and in total, there are approximately 235 football teams and 4,500 youth athletes that participate in JMFA.

12. JMFA publicly propagates bylaws, rules, and codes for the governance of itself, member associations, member-association-teams, and players.

13. At all times material hereto, Jeff Glenn was the President of JMFA.

14. JMFA is widely considered to have the best competition in youth football in the metro area, and while JMFA teams generally correspond to area high schools, it

3

does not exclude children who live outside the boundaries of each area's high school as long as those children have not previously played for a different JMFA team.

15. JMFA games are held in parks and fields throughout the metropolitan area.

16. CRN is an association of six Colorado youth football teams, grades 3-8.

17. Approximately 50-60 percent of the children on CRN teams are minorities between the ages of ten and 13.

18. Excluding the CRN teams, JMFA is predominantly a white association, with approximately a 10 percent minority presence.

## II. Jeffco Midget Football Association Votes Out Creek Red Nation without Reason

19. JMFA first granted CRN membership to JMFA in 2011 on a probationary basis.

20. As a member association, CRN was obligated to abide the Jeffco Midget Football Association Rules; and at the same time, CRN was granted rights and protections under the Rules.

21. JMFA Rules state, "If any JMFA area member consistently disregards the Rules and By-laws of the JMFA, their membership may be rescinded." JMFA Rules § 45.1.

22. In the four seasons that CRN has participated in JMFA, it has not even once been found in violation of any JMFA rule.

23. Following the first three of CRN's four seasons, JMFA voted against upgrading CRN to full member status, despite the fact that CRN had never been cited for a rules violation.

24. CRN's fourth season was yet another one during which CRN had not been found in violation of any JMFA rule.

25. At a February 24 board meeting following CRN's fourth season, CRN moved the Board once again for full member status.

26. CRN withdrew its motion for full member status at that time, so it could work to overcome unfair prejudice against it and have the vote taken at a later time.

27. President Jeff Glenn refused to delay the vote; he ignored the withdrawal and conducted the vote anyway.

28. Defendant JMFA did not provide a basis as to why the vote was conducted in the first place and did not provide a reason as to why it voted CRN out.

29. Contrary to its self-governance rules and procedures, the Board did not even document the motion, withdrawal of the motion, and improper vote in the meeting minutes.

30. The exclusion from JMFA would cause irreparable harm to the CRN teams as the teams would be forced to break up.

31. That is because while JMFA teams generally correspond to area high schools, JMFA does not exclude children who live outside the boundaries of each area's high school as long as those children have not previously played for a different JMFA team.

### III. Creek Red Nation was the Target of Direct Racial Animus

32. CRN youth players and their parents and coaches were also the targets of direct racial animus.

33. For example, in April of 2014, a CRN coach, Ken Marchiol, told JMFA President Jeff Glenn than CRN wished to add one or more teams from the Shamrocks youth football league in Aurora.

34. The teams that Marchiol wished to add were made up of primarily African American children.

35. JMFA President Jeff Glenn rejected the request and said that he "did not want any more black teams with all the problems that come with them."

36. At a game, a JMFA coach said, "This is a damn shame. I know there's not that many niggers in Centennial. I wonder where the coach gets them from."

37. During another game, a JFMA spectator said, "Since when did all these fucking niggers move to Cherry Hills and end up on this team?"

38. In another instance, a CRN parent heard comments about her child from an opposing team asking, "What hood did they get him from?" and stating, "Send him back to the hood."

### IV. Highlands Ranch Youth Football Association Takes In Creek Red Nation Teams

39. Highlands Ranch Youth Football Association is an association of approximately 18-24 football teams, which has been a member of JMFA since at least 1995.

40. Outraged by the wrongful exclusion of CRN from JMFA and in order to save the youth football teams from CRN from having to break up due to their exclusion

6

from JMFA, HRYFA immediately invited the CRN teams to become a part of HRYFA and to play in JMFA through HRYFA.

41. On the same night that JMFA expelled CRN without reason, February 24, 2015, Michael Opp, the then-President of HRYFA, sent an email to JMFA stating that CRN Coach Ken Marchiol would be the new HRYFA President.

42. In response, Jeff Glenn stated in writing that JMFA intended to change the rules to keep the CRN youth teams from being able to play in JMFA through HRYFA.

43. In his March 18, 2014 email, Jeff Glenn stated to Ken Marchiol: "Your election will not be recognized and there will be rule changes to make it impossible for your teams to join HR."

44. Five days later, on March 23, Jeff Glenn called Karen Muller to tell her because HRYFA  had appointed Marchiol President, rather than electing him, HRYFA was in violation of JMFA bylaws, even though it was within the HRYFA bylaws to appoint its president and HRYFA had in fact appointed its president for the previous 20 years.

45. Nonetheless, on March 24, 2015, at a JMFA board meeting, JMFA voted to place HRYFA on probation.

46. Within the week, on March 30, 2015, in response to the JMFA board meeting, HRYFA Board met and formally voted Ken Marchiol as President.

## V. Jeffco Midget Football Association Votes Out Highlands Ranch Youth Football Association to Keep CRN Teams Out

47. Despite HRFYA formally voting Ken Marchiol as its President on March 30, JMFA voted HRFYA out of JMFA on April 28.

48. In the process of voting HRYFA out, JMFA violated its own rules and customary procedures in multiple ways.

49. Prior to the April vote to expel and without notifying HRYFA, JMFA held a secret meeting on a Sunday, at which JMFA planned the expulsion of HRYFA.

50. Despite HRYFA's 20-year association with JMFA, JFMA did not give HRYFA advance notice that the expulsion of HRYFA would be sought at the April meeting.

51. Also in violation of its rules and customary procedure, JMFA voted HRYFA out at the same meeting the expulsion was first proposed, within minutes of being first proposed, rather than having the proposal taken back to the area for discussion prior to the vote being taken at the next meeting.

52. At the time of the expulsion, HRYFA consisted of approximately 24 teams and 450 youth players.

53. In order to keep the CRN youth teams out of JMFA, JMFA expelled the entire HRYFA from JMFA.

54. CRN and HRYFA are suffering immediate and irreparable harm as a result of the unlawful conduct of JMFA.

55. If their teams are not permitted to play in JMFA, HRYFA will have to break up all six of the CRN teams and most of the approximate 18 HRYFA teams or leave some of the children off of each team.

56. While JMFA teams generally correspond to area high schools, JMFA does not exclude children who live outside the boundaries of each area's high school as long as those children have not previously played for a different JMFA team.

57. CRN and HRFYA will also be deprived of the ability to play in the most competitive youth football league in the Metro area.

### FIRST CLAIM FOR RELIEF
*Plaintiffs against Defendant for a Violation of 42 U.S.C. § 1981*
*Racially Discriminatory Denial of Equal Contract Rights*

58. The minority youth players from HRYFA and CRN are members of a protected class.

59. HRYFA and CRN were parties to a contract with Defendant JMFA for certain rights to participate in JMFA.

60. Defendant JMFA unfairly enforced the terms of the contract for racially discriminatory reasons against HRYFA and CRN.

61. The contract rights remained available to other predominantly white member associations.

62. As a result of Defendant JMFA's racially discriminatory enforcement of the contract, HRYFA and CRN suffered injuries and damages, for which there is no speedy adequate remedy at law.

## SECOND CLAIM FOR RELIEF
*Plaintiffs against Defendant for a Violation of 42 U.S.C. § 1985*
*Conspiracy to Violate Civil Rights*

63. Defendant JMFA conspired for the purpose of depriving HRYFA and CRN equal protection of the law when it racially discriminated against CRN and HRYFA.

64. JMFA engaged in multiple acts and caused acts to be done in furtherance of the racial discrimination of CRN and HRYFA from JMFA.

65. Defendant JMFA's racially discriminatory acts deprived CRN and HRYFA of having and exercising their rights, thereby causing injury and damages, for which there is no speedy adequate remedy at law.

## THIRD CLAIM FOR RELIEF
*Plaintiffs against Defendant for a Violation of 42 U.S.C. § 2000a*
*Racially Discriminatory Denial of Rights in a Place of Public Accommodation*

66. The minority youth players for CRN and HRYFA are members of a protected class.

67. CRN and HRYFA attempted to exercise the right to full enjoyment of privileges offered by Defendant JMFA.

68. Defendant JMFA denied HRYFA and CRN the right to full enjoyment of privileges on the basis of the race of the players for CRN and HRYFA.

69. CRN and HRYFA were and continue to be treated less favorably than similarly situated persons and entities that are not a part of the protected class.

70. As a result of Defendant JMFA's racially discriminatory denial of rights, CRN and HRYFA have suffered injuries and damages, for which there is no speedy adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
*Plaintiffs against Defendant for a Violation of C.R.S. § 24-34-601*
*Racially Discriminatory Denial of Rights in a Place of Public Accommodation*

71. The minority youth players for CRN and HRYFA are members of a protected
class.

72. CRN and HRYFA sought services, benefits, and privileges in places of public
accommodation from Defendant JFMA.

73. Defendant JMFA denied CRN and HRYFA the services, benefits, and privileges
sought on the basis of the race of the players for CRN and HRYFA.

74. As a result of JMFA's racially discriminatory denial of rights, CRN and HRYFA
have suffered injuries and damages, for which there is not an adequate speedy
remedy at law.

**FIFTH CLAIM FOR RELIEF**
*Plaintiffs against Defendant for Breach of Contract*

75. Defendant JMFA's rules and bylaws are a valid, binding, and enforceable
agreement between Defendant JMFA and CRN and HRYFA.

76. Defendant JMFA breached its agreement with CRN and HRYFA when it failed to
act in compliance with the JMFA rules.

77. As a result of Defendant JMFA's breach, CRN and HRFYA have suffered injuries
and damages, for which there is not an adequate speedy remedy at law.

**SIXTH CLAIM FOR RELIEF**
*Plaintiffs against Defendant for Breach of Good Faith and Fair Dealing*

78. The agreement between Defendant JMFA and CRN and JMFA requires that
Defendant JMFA treat CRN and HRYFA in good faith and with fair dealing.

79. Defendant JMFA breached the duty of good faith and fair dealing when it enforced the terms of its rules against CRN and HRYFA in a manner contrary to the parties' intentions and Plaintiffs' reasonable expectations.

80. As a result of Defendant JMFA's breach, CRN and HRYFA have suffered damages, for which there is not an adequate speedy remedy at law.

## JURY DEMAND

81. Plaintiffs demand a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a. Preliminary and Permanent Injunctive Relief requiring:

    i. JMFA to allow CRN teams to participate in JMFA under the CRN banner with all the rights and privileges granted to it and its players under the laws of this Nation, State, and JMFA bylaws and rules.

    ii. JMFA to allow HRYFA teams to participate in JMFA under the HRYFA banner with all the rights and privileges granted to it and its players under the laws of this Nation, State, and JMFA bylaws and rules.

b. Compensatory Damages;

c. Interest, Plaintiffs' costs, and Plaintiffs' attorney fees as permitted by law;

d. Such further relief that the Court deems just and equitable.

Dated:  May 26, 2015

Respectfully submitted,

The Law Offices of Daniel J. Caplis, PC

*Duly authorized signature on file in the office of*
*The Law Offices of Daniel J. Caplis, PC*

S/ Daniel J. Caplis
Daniel J. Caplis
Babar Waheed
4601 DTC Boulevard, Suite 950
Denver, CO  80237
Telephone:  303-770-5551


Law Office of Mark L. Bryant

*Duly authorized signature on file in the office of*
*Law Office of Mark L. Bryant*

S/ Mark L. Bryant
Mark L. Bryant
8201 S. Interport Blvd.
Englewood, CO 80112
Telephone: 303-740-6966

Attorneys for Plaintiffs