IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01087-CMA-KLM

CREEK RED NATION, LLC and
HIGHLANDS RANCH YOUTH FOOTBALL ASSOCIATION, a non-profit corporation,

    Plaintiffs,

v.

JEFFCO MIDGET FOOTBALL ASSOCIATION, INC.,

    Defendant.

---

## PROTECTIVE ORDER ~~(proposed)~~

---

Defendant Jeffco Midget Football Association, Inc. ("JMFA"), through its undersigned counsel, has requested entry of a protective order. Upon ~~a showing of~~ *request of the parties* ~~good cause~~ in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that contains personal contact information, financial information, and/or confidential or commercially sensitive information for JMFA's business which is not generally available to the public. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys of record actively working on this case;

    (b) persons regularly employed or associated with the attorneys of record actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the designated representatives of the entity parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. If filed with the Court, all papers, documents, and transcripts containing or revealing the substance of CONFIDENTIAL information shall be filed in accordance with D.C.COLO.LCivR 7.2, and therefore shall be filed as restricted Level 1 documents. It shall be the responsibility of the Party that designated the CONFIDENTIAL information to file the Motion to Restrict Access required by D.C.COLO.LCivR 7.2.

8. If, through inadvertence, a party provides any material containing CONFIDENTIAL information without designating the material as such, whether by document production or deposition testimony, the party may subsequently inform the receiving party in writing of the CONFIDENTIAL information status of the material and

designate it as CONFIDENTIAL. The parties shall thereafter treat the disclosed material as CONFIDENTIAL information in accordance with the written notification of the inadvertent disclosure. The parties shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of CONFIDENTIAL information of such designation and of this Order. Any documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned to the producing party and any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information shall be destroyed. Any such inadvertent disclosure, whether as part of a voluminous document review or otherwise, shall not be construed as a waiver of the attorney-client privilege or work product doctrine.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make [handwritten] file an appropriate motion pursuant to MJ Mix's discovery procedures [handwritten] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order, subject to the presiding judges' practice standards for resolution of discovery motions. If such a motion is timely made [handwritten] filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make [handwritten] file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be

treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion ~~filed~~ *made* under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 19th day of January, 2016.

BY THE COURT:

_____